IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KOOS ENTERPRISES, LLC, a Nebraska Limited Liability Company, et al., <br><br> Plaintiff, <br><br> vs. <br><br> MARVIN HUGHES, et al., <br><br> Defendants. | 4:18-CV-3069 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on its own motion, on the petition (filing 1) filed by Kathleen Bonnell and Marvin Hughes seeking to vacate a judgment entered by the District Court of Adams County, Nebraska. *See* filing 1 at 27-41. The Court will dismiss the petition for lack of jurisdiction.

The petitioners in this Court were the defendants in state court. Filing 1 at 27. In the underlying action, the Adams County District Court found against them on a breach of contract claim, and on April 19, 2018 entered judgment against them in the amount of $117,442.01. Filing 1 at 40. The petitioners ask this Court to vacate the state court's judgment, asserting that the state court lacked jurisdiction and that the state court's judgment was entered in error. *See* filing 1 at 1-2.

But this Court cannot exercise subject-matter jurisdiction because of the *Rooker-Feldman* doctrine, which prohibits lower federal courts from exercising appellate review of state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). *Rooker-Feldman* holds that federal district courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Shelby Cty. Health Care Corp. v. S. Farm Bureau Cas. Ins. Co.*, 855 F.3d 836, 840 (8th Cir. 2017). And that is precisely what the petitioners are asking for here—this is, in fact, "the rare case styled as a direct appeal." *See Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004). It is evident that instead of appealing to the Nebraska appellate courts, the petitioners are trying to appeal here. And that, they cannot do. *See id.*

The petitioners rely on the general proposition that a void judgment may be attacked at any time in any proceeding. Filing 1 at 2-8; *see e.g.*, *Catlett v. Catlett*, 869 N.W.2d 368, 377 (Neb. Ct. App. 2015). But while that proposition might be relevant to the enforceability of a state court judgment, it does not confer *jurisdiction* on a federal district court. *See Snider v. City of Excelsior Springs, Mo.*, 154 F.3d 809, 812 (8th Cir. 1998); *see also Searcy v. Clawson*, 70 F. App'x 907, 907-08 (8th Cir. 2003). There is no basis for jurisdiction here.[1]

Accordingly, the Court will dismiss the petition. The petitioners' motion to proceed in forma pauperis (filing 2) will be denied as moot.

---

[1] The Court notes the petitioners' passing reference to "diversity of citizenship" as a basis for jurisdiction. Filing 1 at 1. Diversity of parties does not, however, supersede the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005); *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 818 (7th Cir. 2010). But even if it did, it appears that there are Nebraska residents on both sides of the case, meaning that the required complete diversity of parties is lacking. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Nor is there a federal question apparent on the face of the pleading, *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), providing an independent basis to dismiss the petition.

IT IS ORDERED:

1. The petitioners' petition (filing 1) is dismissed.

2. This case is dismissed for lack of subject-matter jurisdiction.

3. A separate judgment will be entered.

4. The petitioners' motion for leave to proceed in forma pauperis (filing 2) is denied as moot.

Dated this 15th day of May, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge